*H. W. Starr*, for defendant.

———••———

WRIGHT *v.* CLARK.

A motion for a continuance on the ground of absent papers, taken by the attorney of the party applying for the continuance, was correctly refused. Where default is made by the appellant, the judgment of a justice of the peace may be affirmed in the district court.

*Error to Lee District Court.*

*Opinion by* GREENE, J. This suit was commenced before a justice of the peace and taken by appeal to the district court, where the judgment of the justice was affirmed. We learn from the bill of exceptions, that the appellants moved the court for a continuance and assigned for cause, the absence of papers, which it appears had been previously taken from the court by their attorney, and had not been returned. The neglect of their own attorney, a delinquency which they had been instrumental in producing, cannot be considered good ground for a continuance. We therefore think that their application was correctly overruled.

Objections are urged to the judgment of affirmance. It

Wright *v.* Clark.

is contended that there should have been a trial *de novo* in the district court. But it appears by the bill of exceptions, that the judgment of the justice was not affirmed until after the appellants declined taking any further action in the matter. They thus abandoned their appeal, and in effect waived further objection to the judgment of the justice. Such default in the appellants, fully justified the judgment of affirmance. That an affirmance is sanctioned by statute in such appeal cases, sufficiently appears by the article regulating appeals. *Rev. Stat.*, 333. Sections two, three, and sixteen expressly recognize this practice in the district court. By these sections two distinct methods are provided, by which such appeals may be disposed of. 1. By an affirmance of the judgment. 2. By a trial anew.

Many cases are taken to the district court for the purpose of delay, without even the expectation of disturbing the judgment of the justice, and in such cases it would be a useless expense to parties, a futile detention in the administration of justice, for courts to award a trial *de novo*. Hence, where default is made by the appellant, it would be fallacious to adopt that practice, even if the statute admitted of doubt in its construction. But we think the statute leaves no room for doubt, and that it expressly authorizes the course pursued by the court below, in this case.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*L. R. Reeves*, for defendant.